IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Criminal Action No. 07-cr-00490-WYD

UNITED STATES OF AMERICA,

v.

1. REGINALD DWIGHT BACA, a/k/a Reggie Baca,

    Defendant.

ORDER

This matter is before the Court on Defendant's *pro se* "Motion for Reconsideration of Sentence Imposed," filed December 31, 2009 [#88].

By way of background, I note that on October 3, 2008, Defendant pled guilty to a one-count indictment charging him with attempted bank robbery in violation of 18 U.S.C. § 2113(a). At the sentencing hearing on January 8, 2009, I found that Defendant's offense level under the Guidelines was 29, that his criminal history category as a career offender was VI, and that the applicable advisory guideline range was 151-188 months of imprisonment. I granted Defendant's motion for a sentence outside the applicable guideline range, and sentenced him to 120 months of imprisonment. A Judgment reflecting this sentence was entered January 23, 2009. Defendant did not file a direct appeal, but filed a *pro se* motion to vacate sentence pursuant to 28 U.S.C. § 2255 on February 17, 2009, which was subsequently denied by Order dated December 29, 2009.

In the instant motion, Defendant requests a 50 percent reduction of his sentence for substantial assistance given to law enforcement in January, 2009, as well as a 25 percent reduction of his sentence based on comments allegedly made by the United States Attorney during his change of plea hearing. In addition, Defendant sates that he is now wheelchair-bound, and contends that this entitles him to an additional 10 percent reduction of his sentence.

I will treat Defendant's motion as a motion to modify his sentence under 18 U.S.C. § 3582(c). S*ee United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997) ("Because Mr. Smartt's motion for sentence reduction is not a direct appeal or a collateral attack under 28 U.S.C. § 2255, 'the viability of his motion depends entirely on [18 U.S.C. § 3582(c)]'") (quoting *United States v. Trujeque*, 100 F.3d 869, 870 (10th Cir. 1996).

After a careful review of Defendant's motion, I conclude that the motion should be denied. The Court does not have inherent authority to modify a previously imposed sentence—it may do so only pursuant to statutory authorization. *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir.), *cert. denied*, 522 U.S. 961 (1997). There are three limited circumstances in which a sentence may be modified: (1) the court receives a motion from the Bureau of Prisons finding that special circumstances warrant a reduction and the requested reduction is consistent with the applicable policy statements issued by the Sentencing Commission; (2) to the extent expressly permitted by statute or by FED. R. CRIM. P. 35; or (3) a defendant has been sentenced based upon a sentencing range later lowered by the Sentencing Commission. 28 U.S.C.

§ 3582(c)(1)(2), *Smartt*, 129 F.3d at 540.

Defendant has not shown that any of those grounds are present in this case, or that relief is proper under any other rule or statute. Accordingly, it is

ORDERED that Defendant's Motion for Reconsideration of Sentence Imposed, filed December 31, 2009 [#88], is **DENIED**.

Dated: April 14, 2010

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
Chief United States District Judge